### W. P. Stanley v. The State.

No. 2731. Decided March 26, 1903.

**1.—Abortion—Opinion Evidence—Statements by Injured Party.**

On a trial for abortion causing death, the statements by deceased just before her death, "that it was cotton-root tea that had caused her abortion," and, "I told you all you would kill me when you gave it to me," were inadmissible, because this was but a conclusion on her part, and her conclusion or opinion could not be used against defendant.

**2.—Impeachment of Witness—Exclusion of Question—Bill of Exceptions.**

In an effort to lay a predicate for the impeachment of a witness as to a conversation had with the county attorney, a bill of exceptions which does not state the facts, or show what the purpose of the conversation was, and

which was reserved to the exclusion of the question, "Did you talk with the county attorney?" was insufficient.

**3.—Same.**

A State's witness may be attacked by showing that he had entered into an agreement with the State for the purpose of ridding himself of a pending prosecution against him.

Appeal from the District Court of Blanco.  Tried below before Hon. Clarence Martin.

Appeal from a conviction of abortion; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with the commission of an abortion upon Clemantha Stanley, a pregnant woman, on the 4th day of October, 1902, by administering to her, with her consent, a certain drug and medicine calculated to produce an abortion.  Clemantha Stanley was appellant's daughter.  The record does not disclose who was the cause of her pregnancy.  It does show that defendant and his son, Jackson Stanley, made a tea of cotton roots and caused her to take it.  The medical experts did not think tea made of cotton roots was an abortifacient, but knew that it was thought to be so, and especially by negroes, who used it for that purpose.  The woman was dangerously sick after she took the tea, was delivered by the doctor of a dead foetus, and died from the miscarriage.

No briefs on file for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for abortion; two years in the penitentiary assessed as the penalty.

The witness Pehl was permitted to testify "that deceased Clementha Stanley, stated before her death, in the presence of himself and of defendant, that it was the cotton-root tea that had caused her abortion." Objection was urged on the ground that it was irrelevant, immaterial and incompetent to prove or tend to prove that fact, and was but a conclusion of said Clementha Stanley, and was injurious and prejudicial to defendant.  The court appends this qualification: "That said statement was made while at her bedside, and while he was attending her, and heard all that deceased said; saying further, 'I told you all you would kill me when you gave it to me.'" This was but the conclusion or opinion of the witness that cotton-root tea was the cause of the abortion.  She could not have given this opinion had she been upon the witness stand, and her hearsay statement of opinion could not be introduced.  In Navarro v. State, 24 Texas Crim. App., 378 (which was a case of abortion, alleged to have been produced by the husband upon the wife), the wife was permitted to testify, in effect, that appellant, in a fit of jealousy, had kicked her on the abdomen, accompanying the act with words, etc.; that nine days subsequently she gave birth to a stillborn child, its skull being crushed or mashed in three pieces; and after

the lapse of another nine days another was born, and that decomposition had so far set in that its sex was not distinguishable. She was further permitted to testify, over objection, that the abortion was the result of the kick described. The court reversed the judgment because of the admission of this testimony, and in doing so said: "It is sometimes difficult to fix the point at which the competency of a nonexpert witness to assign a certain cause to a named result ends. Assuredly, if one receive a blow which leaves an immediate marked impress that is appreciable by the sense of him who receives is, or that is in a like manner made sensible to bystanders, neither the injured party nor the onlooker need be an expert to qualify him to testify that the injury received was the result of the blow given. But when a claimed result becomes so remote that conclusion and deduction are necessary to connect it with a cause, then the nonexpert witness may only state physical facts and symptoms experienced, leaving the conclusion from them to the jury trying the cause. We are of opinion that the testimony was inadmissible, it coming within the last named class, and the witness not having been qualified as an expert." See also, Poyner v. State, 40 Texas Crim. Rep., 640. Hence we say, if Clementha Stanley could not have testified as a witness to the conclusion, then her hearsay conclusion or opinion could not be used.

There are several bills of exception reserved to other rulings of the court, some of which we deem unnecessary to notice. The third bill was reserved to the refusal of the court to permit defendant to ask Julia Pehl, State's witness, on cross-examination, whether it was not true that said witness, with her husband, Joe Pehl, also a witness for the State, had talked with the county attorney in the county jail, it having been offered for the purpose of impeaching the witness; and, further, to show that said witness was testifying in behalf of the State under agreement and in the hope that the prosecution on a charge of perjury against her husband might and would in that event be dismissed. It will be noticed, as stated in the qualification of the judge, that the question was very general, and only inquired as to whether a conversation occurred between the parties and the county attorney at the jail. The court states in this qualification "that counsel were informed they could ask witness as to any conversation had with any person at any time or place, but that the general question, 'Did you talk with the county attorney?' would be excluded." Of course, if Pehl had an agreement with the county attorney that the perjury case would be dismissed against him in case he testified against appellant, that fact could be proved. But the bill does not show what the purport of the conversation was, nor that this would have been the result. The facts are not stated, but simply that he asked the question. Pehl being a witness for the State, it was permissible to attack him, by showing that he had entered into an agreement with the State to rid himself of the pending prosecution against himself.

We have examined the other bills, and do not believe they present any error.

Because of the admission of the testimony of the witness Pehl as to the statement of Clementha Stanley, the judgment is reversed and the cause remanded.

*Reversed and remanded.*