HUNTER *v.* VILLAGE OF ITHACA.

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—NOTICE—EVIDENCE.

As bearing on the question of notice to a village of a defect in a sidewalk, whereby a pedestrian was injured, it is competent to show the condition of the walk throughout the block. where the attention of the street commissioner and his workman was called to the walk as an entirety.

2. SAME—DUTY TO INSPECT.

When village officials have actual notice of conditions which call for the inspection of a sidewalk, an examination is required such as a prudent man would make under like circumstances.

3. SAME—EVIDENCE—EXAMINATION AFTER ACCIDENT.

In an action for injury from a defect in a sidewalk, testimony as to examinations of the walk by tests two or three months after the accident is not too remote.

4. EVIDENCE—EXPERT TESTIMONY—HYPOTHETICAL QUESTION.

An objection that a physician testifying as an expert was asked whether an injury, such as the witness discovered, produced in the manner described, could cause an injury to the medulla, rather than whether such an injury would be likely to cause such results, goes to the weight of the testimony, rather than to its admissibility.

5. SAME.

That a question to a physician as to certain results being caused by an injury was in such form as to permit him to use knowledge of the injured person's condition not embodied in the question may not be complained of, where it appears that the physician's opinion was based on conditions discovered by him and previously fully detailed to the jury.

Error to Gratiot; Stone, J. Submitted June 13, 1905. (Docket No. 42.) Decided October 31, 1905.

Case by Maranda Hunter, administratrix of the estate of Bruce Hunter, deceased, against the village of Ithaca, for negligent injuries to her intestate, resulting in his

death. There was judgment for plaintiff, and defendant brings error. Affirmed.

*John M. Everden* (*Searl & Monfort*, of counsel), for appellant.

*John T. Mathews,* for appellee.

MONTGOMERY, J. The plaintiff sued for damages for injuries sustained by her husband which are claimed to have caused his death. Plaintiff recovered, and defendant brings error. The decedent, while walking with his son on South street in the defendant village, was tripped and thrown forward by one end of a loose plank. The son stepped on the plank near the end, and it appears that the stringers were defective and decayed, causing the plank to become loosened and fly up. It also appears that the stringers were originally so placed as to leave 12 to 14 inches of the planks overhanging on one side of the walk. Complaint is made of rulings admitting testimony as to the condition of the walk at points on the same block and near to the place of injury. Complaint is also made of rulings as to notice of the defect, and of the instructions upon that subject.

The undisputed testimony showed that the village street commissioner had his attention called by a member of the common council to the sidewalk on South street. This was shortly before the accident. He walked over the entire length of it, and directed repairs to be made, but did not discover the defect in question. He employed one Wood to make these repairs, instructing him to fix the sidewalk on the north side of South street between Pine River street and Elm street, to find out what was defective and fix it. The inspection made by the street commissioner was by walking over the walk, and that made by Wood was made in the same manner. Neither discovered the defects. We have no doubt that, as bearing upon the question of notice, it was competent to show the condition of this walk through the block, particularly

as it was to this walk as an entirety that the attention of both the street commissioner and his workman was called. *Strudgeon* v. *Village of Sand Beach,* 107 Mich. 496, and cases cited; *Will* v. *Village of Mendon,* 108 Mich. 251.

The instruction upon the subject of notice was as follows:

"Now, in connection with that, the defendant has asked me to charge, and I do charge you, respecting ordinary sidewalks, such as the one in question in this case— I charge you that there is no duty on the part of the defendant to make an inspection of the substructure, in the absence of actual notice. Municipalities are only liable for such defects in sidewalks as are apparent or are suggested by appearances, or which are disclosed by a test in the nature of the ordinary use of such walks."

This instruction was given at the request of defendant. The court added on his own motion the following:

"I would explain in that connection by 'ordinary use of such walk,' or by the use of the words 'in the nature of the ordinary use of such walks,' is not meant such as a person walking over the walk with no regard for the walk would have, but such as a person going over the walk in the ordinary way that people go over walks, at the time being mindful of its condition, and having particularly in mind the duty of ascertaining the condition of the walk with reference to whether it was safe and fit for public travel. If they made that kind of an inspection, they would have discharged their duty, even though they might have failed to have found the loose board. And if the board at that time, you should find from the evidence, was insecure, and, as I said before, in a condition so it was not safe and fit for public travel, then the village would not be liable in this case."

We think this was a very proper modification of defendant's request to make it applicable to the case in hand. It is to be kept in mind that the commissioner had been notified that a strip of walk, including that in which the defect causing decedent's injury was located, was defective. If the casual examination of an officer's passing over the walk would be sufficient in ordinary cases, it does not follow that it would be due care in such circumstances.

An examination of the cases discloses that a distinction has often been noted between cases in which there was a mere neglect of the authorities to ascertain a condition, unaccompanied by any circumstances which should have given rise to a suspicion of danger calling for investigation, and cases in which such circumstances exist. This distinction is pointed out by Mr. Justice HOOKER in *Thomas* v. *City of Flint*, 123 Mich., at page 37 (47 L. R. A. 499). See, also, *Township of Medina* v. *Perkins*, 48 Mich. 67, and *Randall* v. *Township of Southfield*, 116 Mich. 501. And note the limitations placed on the latter case by Mr. Justice HOOKER in *Thomas* v. *City of Flint*, at pages 29 and 30. There may be notice to the authorities which, not amounting to exact notice of the defect, is yet such as should put a prudent man on inquiry, and of itself create a duty to examine. *Thomas* v. *City of Flint*, at page 27. This being so, it follows that the care in making an examination required is such as a prudent man, having such notice, would exercise under the circumstances, and it cannot be said as matter of law that merely walking over the sidewalk in a casual way is such care.

It is urged that this instruction as given imports that there is a duty of inspection, and that it conflicts with the rule laid down by the court in *Thomas* v. *City of Flint*, supra. The case of *Thomas* v. *City of Flint* does not hold that there may not be a duty of inspection in some circumstances. On the contrary, as pointed out above, the duty to inspect may arise when the officials have actual notice of conditions which call for inspection. We think the testimony as to examination of the walk, tests made two and three months after the injury, was not too remote.

Error is assigned upon a ruling admitting a question to Dr. Porter, stating hypothetically the circumstances of the injury to the deceased, and asking whether an injury such as the witness discovered, produced in this manner, could cause an injury to the medulla. This question was objected to on two grounds, *first*, because it did not call

for a statement that such an injury would be likely to cause such results; and, *second*, because it permitted the doctor to use knowledge of the patient's condition not embodied in the question. The first objection went rather to the weight of the testimony than its admissibility. The latter would, under *Fuller* v. *Mayor, etc., of Jackson*, 92 Mich. 201, be entitled to weight, were we not satisfied that the opinion of the doctor was based upon conditions discovered by him and previously fully detailed to the jury.

We think there was a case for the jury.

Judgment affirmed.

CARPENTER, MCALVAY, and OSTRANDER, JJ., concurred with MONTGOMERY, J.

GRANT, J. (*concurring*). Liability for damages resulting from defective streets depends entirely upon the statute, which has received construction in many cases by this court. I do not understand that any of them has held a municipality liable for failure to inspect or for defective inspection. It is of no consequence what or who causes the defect. When the municipality has notice or knowledge of the defect, it is then, and then only, liable for damages, if it fails to repair within a reasonable time. It is immaterial how this knowledge is acquired or the notice brought home to the municipality. It must have, however, either actual or constructive notice. As we said, speaking through Brother HOOKER, in *Thomas* v. *City of Flint*, 123 Mich. 10, 37 (47 L. R. A. 499):

"The act [the statute] plainly limits liability to a case arising after knowledge or notice of the defect causing the injury. * * * The law is plain, and we should not hold that a city or township is liable because it negligently omitted inspection, when the legislative intention to limit recovery to cases arising from known defects is clear."

I do not understand that the opinion in *Thomas* v. *City of Flint* recognizes a duty of inspection, the failure to make which is a ground of liability for damages. In this case the attention of the proper officers was called to

the defective condition of this sidewalk, and the proper officers were sent to inspect it. They did inspect it. The defects were such that it is claimed that they ought to have seen them. The inspection made by the officers, and the character of the defects, were competent as evidence from which the jury might infer actual knowledge of the defects. While there are expressions in the instruction of the court which, standing alone, would imply a liability for failure to inspect, or for improper inspection, I think the instruction, taken as a whole, correctly states the law, and could not have misled the jury. At the very conclusion of the instruction the court said to the jury:

"The plaintiff cannot recover, unless the proof is made of notice of such defect by the defendant, or knowledge of such defect; and this notice or knowledge must be of the particular defect complained of in the declaration. The particular defect complained of in the declaration, gentlemen, is the defect of a loose plank at a point 16 or 18 feet west of the railroad."

I think the instruction as a whole could not have been misunderstood by the jury, and therefore concur in affirming the judgment.