EPELETT *v.* CITY OF SAULT STE. MARIE.

1. HIGHWAYS AND STREETS — DEFECTIVE SIDEWALKS — PERSONAL INJURIES—DECLARATION—VARIANCE.

Where the declaration against a city for personal injuries received from falling on a defective sidewalk alleges that the walk was constructed of plank running lengthwise of the walk upon stringers laid crosswise, that a plank was decayed at the end allowing it to drop down and rest upon the ground 10 inches below the level of the walk, and that plaintiff stepped into the hole and was injured, and the proof shows that the board looked to be in place, but was rotten at the end and gave way when plaintiff stepped on it, there is no misleading variance.

2. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—NOTICE OF DEFECT CAUSING INJURY.

Evidence that sidewalk in the immediate vicinity of the plank causing an injury had been in bad condition for two or three years before the injury, and that the plank in question had been rotted off for some months, is sufficient on the question of notice to the city of the defect in the walk.

3. HIGHWAYS AND STREETS — DEFECTIVE SIDEWALKS — PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.

An instruction which imposes upon a plaintiff, suing for injuries received from a fall on a defective sidewalk while intoxicated, greater care than is required from a person not intoxicated, is properly refused.

Error to Chippewa; Steere, J. Submitted December 5, 1905. (Docket No. 134.) Decided July 3, 1906.

Case by Lottie Epelett against the city of Sault Ste. Marie for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*George B. Holden,* for appellant.

*Chapman & Larmouth* (*M. F. McDonald,* of counsel), for appellee.

MONTGOMERY, J. The plaintiff recovered a judgment of $1,000 in an action of trespass on the case, brought to recover for injuries sustained by reason of a defective sidewalk. The defendant brings error.

It is claimed that there was a fatal variance between the declaration and proofs. The declaration averred in substance that the sidewalk was constructed of plank running lengthwise of the walk resting upon stringers laid crosswise of the walk; that the end of one of the planks had become rotten or broken off, which allowed the plank to drop down and rest upon the ground, which at that point was, to wit, 10 inches below the level of the sidewalk; that plaintiff stepped into the hole above described, and that, her foot being caught in said hole, she fell and received injury. The evidence showed that the board looked to be in place, but that it was rotten at the end, but that when stepped on it went down with plaintiff's weight. The variance if any was in describing as a hole in the walk the condition of this plank (otherwise accurately described) which resulted in a hole or depression whenever stepped upon. It was not alleged that any portion of the plank was broken off, causing a hole in the walk. The allegation was that the rotted end allowed the board or plank to drop down. Was it a variance when the proof showed that the end dropped down on pressure? There was no mistaking the place of the accident. The particular plank and its particular defect were described. There was no room for mistaking the case which plaintiff undertook to state. There was no misleading variance. *Merkle* v. *Township of Bennington*, 68 Mich. 133.

It is next insisted that the plaintiff failed to make a case, and that error was committed in refusing to direct a verdict for defendant. The contention made is that no notice of the defect was brought home to the officers of the city. It is true that there was no evidence of direct notice to any officer of the city given by word or writing, but the undisputed evidence was that the walk in the immediate vicinity of this plank was in bad condition for

two or three years before the injury to the plaintiff. There was also testimony for the jury that the plank in question had been rotted off for some months. That testimony of the condition of the walk for a considerable time before the accident may be given for the purpose of showing notice to the city, and that such testimony may relate to the walk in the immediate vicinity or to a stretch of walk as a whole, is settled. *Strudgeon* v. *Village of Sand Beach*, 107 Mich. 496; *Will* v. *Village of Mendon*, 108 Mich. 251; *Hunter* v. *Village of Ithaca*, 141 Mich. 539; *Nestle* v. *City of Flint*, 141 Mich. 153.

There was testimony tending to show that plaintiff was intoxicated at the time of the fall. Defendant's counsel asked the court to charge the jury that "in case she was intoxicated she cannot recover unless she was exercising greater care than would be required on her part if she were not intoxicated." No error was committed in refusing this request. *Kingston* v. *Railway Co.*, 112 Mich. 40 (40 L. R. A. 131). It would be a safe rule to assert that the intoxication of a pedestrian will not excuse due care on his part in traveling over a highway, but we are cited to no authority which sustains the proposition that a higher degree of care is required of an intoxicated person than one in his sober senses. It would seem that if an intoxicated person is capable of exercising, and does exercise, the care which the law requires of a sober person, the fact of intoxication becomes immaterial.

The other assignments of error have been considered. We discover no error to defendant's prejudice.

Judgment affirmed.

MCALVAY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.