DE SADDLER *v.* YELLOW TAXICAB CO.

1. EVIDENCE—NEGLIGENCE—INTOXICATION—WITNESSES — REBUTTAL.
   In an action for personal injuries caused by defendant taxicab company's automobile, where a doctor had testified in behalf of defendant that when plaintiff was brought to the hospital, after the accident, he was intoxicated, testimony by plaintiff that he was not intoxicated, that the doctor had threatened to strike him, and that he had some money taken from him at the hospital, *held*, admissible as explaining the attitude of mind of the witness.

2. APPEAL AND ERROR—REPETITION OF QUESTIONS—GOOD FAITH.
   Repeatedly asking questions to which objections were sustained, where it does not appear that they were not asked in good faith, *held*, not reversible error.

3. NEGLIGENCE— CONTRIBUTORY NEGLIGENCE — INTOXICATION — DUE CARE.
   While the intoxication of a pedestrian will not excuse due care on his part in traveling over a highway, no greater care is required of him than is required of one in his sober senses.

4. APPEAL AND ERROR — INSTRUCTIONS — REFUSAL OF REQUESTED INSTRUCTION—INTOXICATION.
   Where the question of plaintiff's intoxication was in dispute, and the trial court had instructed the jury that in determining the question as to whether or not the plaintiff did exercise due care and caution, they should take into consideration the question of whether he was intoxicated or not, and, if so, whether he was intoxicated to that degree that he could not exercise due care and caution, it was not reversible error to refuse defendant's requested instruction on the subject of intoxication, where, in response to the inquiry of the court, "Is there anything else?" counsel did not suggest that the subject had not been fully covered.

Error to Wayne; Chester (Guy M.), J., presiding. Submitted June 24, 1921. (Docket No. 53.) Decided October 3, 1921.

Case by Serile De Saddler against the Yellow Taxicab Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Monaghan, Crowley, Reilley & Kellogg*, for appellant.

*Ralph S. Moore*, for appellee.

MOORE, J. This action was brought because of an accident happening on November 22, 1917. Verdict was rendered for plaintiff, and upon such verdict judgment was entered. The case is brought here by writ of error.

Plaintiff's version of the accident is as follows:

"After I had taken my supper, I go on the street car, the Jefferson car. I got it at Jefferson court and Jefferson avenue. I went down town. It was two cars together; I was on the back end or trailer. The doctor had been working on me. There was something in my bladder and he was working on my bladder. * * * I ring the bell; I went off—the car stopped and as soon as the car stopped, I got off and an automobile got me. As soon as I got the first step off the car an automobile hit me. The car was coming down town. I got off on the north side of the car at Rivard street. Automobile strike me on the right side and slipped me about fifty feet past. As I was alighting from the street car I was facing a northerly position and the automobile struck me on the right side, broke my leg. When it struck me, I grabbed with my fingers over the wheels. He picked me up and took me. I was dragged forty or fifty feet. Rivard street is a regular place for the street car to stop. I did not get any warning of its approach. I hear nothing. I was right in the safety line on the street. There is a white line. I was right in there

when he got me.   He picked me up and shoved me in the car.   He put me in the car himself.   He was alone and took me to the hospital."

The version of what happened given by the driver of the taxicab is as follows:

"I remember of colliding with this man on November 22, 1917.   I was coming west on Jefferson avenue; an auto was parked on the northwest corner right in front of the Palms Apartments, near the sidewalk on Rivard.   I was coming west on Jefferson avenue; when I noticed De Saddler I was right at the crossing.   I had one wheel in the street car track and the other wheel outside.   I was between the northbound track and the north rail.   I was right at the intersection of Rivard and Jefferson avenue.   I was coming west on Jefferson avenue on the east side of Rivard street when I noticed De Saddler just up here stepping off right in front of the Palms Apartments, going to step off in front of this machine.   The machine was right in front of the Palms Apartments. He was stepping down the step to the curb there in front of the Palms Apartments, in front of the parked automobile.   I tooted my horn to give him notice.   I was then right in the intersection.   At that time he had stepped to the curb.   He came out in front of the car, looked up and started to run across the street; when I saw him come out from behind the car I tooted my horn.   This time he was within ten feet of me. There was no possible chance to stop and he was running with his head down.   I was driving between 15 and 18 miles an hour—not over that.   He hit right near the fender on the cab door—ran right into it; it was the step broke his leg and there was a slight dent in the car, I think.   I am not sure about it.   That is my recollection.   There was no street car up or down the street at that time.   This man could not have got off the street car on that side of the street. He was on the wrong side of the street to get off of the street car.   Reference to taking care of this man, I stopped my machine.   I think we ran probably 8 or 10 feet.   I stopped then dead.   *   *   *   I noticed the way he acted, the way he appeared and talked. He mumbled and fell around on the floor.   They would

not allow the attendant to pick him up. He appeared to be drunk."

The assignments of error first discussed in the brief relate to the testimony of the plaintiff as to what occurred in the hospital. A doctor who was in the hospital gave testimony on the part of defendant to the effect that plaintiff was intoxicated. Plaintiff denied that he was intoxicated. The doctor's attention was called to what occurred in the hospital. His recollection did not seem to be very clear. We quote:

"I cannot positively say that I had any trouble with this man when he was in the hospital. Sometimes it takes longer to effect a cure; it might take six months. I have in mind that this man was disagreeable there. I never threatened to strike him. I do not recall of his having made a complaint of any money being taken from him. When he entered the hospital he may have."

The trial court was of the opinion that the testimony was admissible as explaining the attitude of mind of the witness. We think its admission was not error.

Complaint is made of the conduct of counsel in asking questions of witnesses to which objections were sustained. It is the contention "that this court uniformly reverses cases where counsel repeatedly, for the purpose of getting inadmissible facts before the jury, asks questions that the court has ruled incompetent, is shown by the authorities reviewed in *Thomas* v. *Township of Byron*, 168 Mich. 593 (38 L. R. A. [N. S.] 1186, Ann. Cas. 1913C, 686)." Other cases are cited. A careful reading of the record does not lead us to the conclusion that the counsel did not ask the questions in good faith; nor that what occurred in that respect was reversible error.

Counsel for appellant prepared a written request upon the subject of intoxication. It was not given.

The court gave a general charge which covers 10 pages of the printed record, and then the following occurred:

"Gentlemen are there any other suggestions not contained in the request?

"*Mr. Reilley:* The instruction as to intoxication—we claim intoxication and that the jury would have a right to consider it—it is the right of the jury to consider that and to take it into consideration in determining as to whether he exercised due care and caution.

"*Mr. Moore:* I do not understand there is any competent testimony on that proposition.

"*The Court:* I will leave the question of that to the jury. The doctor testified from his own recollection.

"*Mr. Reilley:* Not only that but the driver testified and that is record the doctor testified to.

"*The Court:* The question of intoxication is for the jury to determine. Well, gentlemen in determining the question as to whether or not the plaintiff did exercise due care and caution, you will take into consideration the question of whether he was intoxicated or not, and, if so, whether he was intoxicated to that degree that he could not exercise due care and caution.

"Is there anything else? The officer may take the jury."

It will be observed that counsel did not suggest in answer to the inquiry of the court that the subject had not been fully covered. In Baldwin's Personal Injuries (2d Ed.), p. 185, is the following:

"The intoxication of a pedestrian will not excuse due care on his part in traveling over a highway, but no greater care is required on the part of such a person than is required of one in his sober senses. If an intoxicated person exercises the same care that a sober person would, his intoxication becomes immaterial."

In *Epelett* v. *City of Sault Ste. Marie,* 144 Mich. 392, the court said:

"There was testimony tending to show that plaintiff was intoxicated at the time of the fall. Defendant's counsel asked the court to charge the jury that 'in case she was intoxicated she cannot recover unless she was exercising greater care than would be required on her part if she were not intoxicated.' No error was committed in refusing this request. *Kingston* v. *Railway Co.*, 112 Mich. 40 (40 L. R. A. 131). It would be a safe rule to assert that the intoxication of a pedestrian will not excuse due care on his part in traveling over a, highway, but we are cited to no authority which sustains the proposition that a higher degree of care is required of an intoxicated person than one in his sober senses. It would seem that if an intoxicated person is capable of exercising, and does exercise the care which the law requires of a sober person, the fact of intoxication becomes immaterial."

So far as the record discloses there were but two witnesses to this accident, the plaintiff and the driver of the taxicab. Their testimony was in conflict. The issues were simple. They were fairly presented to the jury.

The judgment is affirmed, with costs to the plaintiff.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.