BRUCE BOWDEN v. THE STATE.

No. 18175. Delivered April 8, 1936.

The opinion states the case.

*J. R. Creighton,* of Mineral Wells, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder by abortion; the punishment, confinement in the penitentiary for five years.

On the 9th of June, 1934, it was discovered by a physican that deceased, who was the wife of appellant, was threatened with a miscarriage. The physician administered medicine designed to ease her pain and prevent the miscarriage. There was a bruise on her left side. Two days after this examination, the physician was again called, but shortly before he reached the home of deceased her baby was born. It only lived a few minutes. Three weeks after the birth of the baby deceased died. A physician who testified for appellant stated that deceased had pneumonia. In her dying declaration deceased said that appellant had hit her on the side with his fist after she had declined to take some medicine he had brought her. Testifying in his own behalf, appellant denied that he had struck deceased. Several witnesses for the State testified to the fact that deceased had a bruise on her left side.

Over appellant's proper objection, Mrs. Bell Brown, who waited on deceased at the time her baby was born, testified that the blow deceased had received on her side caused the miscarriage. Again, the witness was permitted to testify, over objection, in effect, that said blow caused deceased's death. We are of opinion appellant's objection should have been sustained. Mrs. Brown was a nonexpert witness. In Navarro v. State, 6 S. W., 542, it appears that on the trial of the accused for the offense of abortion the injured party testified that several days before the miscarriage the accused had kicked her on the abdomen. After describing the assault on her, she testified, over objection, that the abortion was the result of the kick. In concluding that the testimony was inadmissible, this court, speaking through Judge Hurt, used language as follows:

"It is sometimes difficult to fix the point at which the competency of a non-expert witness to assign a certain cause to a named result ends. Assuredly, if one receive a blow which leaves an immediate marked impress, that is appreciable by the senses of him who receives it, or that is in a like manner made sensible to by-standers, neither the injured party nor the onlooker need be an expert to qualify him to testify that the injury was the result of the blow given. But when a claimed result becomes so remote that conclusion and deduction are necessary to connect it with a cause, then the non-expert witness may only state physical facts and symptoms experienced, leaving the conclusion from them to the jury trying the cause.

We are of the opinion that the testimony was inadmissible, it coming within the last-named class, and the witness not having been qualified as an expert."

In Stanley v. State, 73 S. W., 400, it appears that on a trial for abortion a witness was permitted to testify that deceased had stated to him in the presence of appellant "that it was the cotton root tea appellant had given her that caused her abortion." In reversing the judgment, this court quoted from Navarro v. State, supra, and expressed the opinion that the statement was inadmissible. Giving effect to the rule announced in said cases, we are constrained to hold that reversible error is presented.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., absent.