TEXAS EMPLOYERS INS. ASS'N v. GRIFFIS.

No. 11038.

Court of Civil Appeals of Texas. Galveston.

May 30, 1940.

Wheeler, Atchley & Vance, of Texarkana, for appellant.

Caldwell, Baker & Jordon, of Dallas, for appellee.

CODY, Justice.

This is a workmen's compensation case, which was tried in the district court of Lamar County, and has been by an equalization order of the Supreme Court transferred to this court, and, under our rules, advanced for submission.

The suit was instituted by appellee against appellant to recover for total permanent disability as a result of an injury to the back alleged to have occurred on December 20, 1938, while appellee was working for Cummer-Graham Company, his employer, in attempting to lift a piece of concrete which weighed approximately 120 pounds; appellee alleged that while he was exerting all his strength his back was severely strained, and he was caused to suffer an injury as a result thereof that totally and permanently disabled him; and prayed for a lump sum judgment. Appellant filed a formal answer; specially denying certain jurisdictional matters, denying under oath that either the Insurance Company or the Employer were notified or had actual knowledge of the appellee's accident or injury within the thirty days required by law.

The court refused appellant's motion for an instructed verdict; the jury found:

"Special Issue No. 1. Do you find from a preponderance of the evidence that on the 20th day of December, 1938, plaintiff Thomas A. Griffis sustained an injury when lifting a concrete block while working for Cummer-Graham Company?" Answer: "Yes."

"Special Issue No. 2. Do you find from a preponderance of the evidence that the injuries received by plaintiff, if any, on December 20, 1938, were injuries sustained in the course of his employment with Cummer-Graham Company?" Answer: "Yes."

"Special Issue No. 3. Do you find from a preponderance of the evidence that the plaintiff, Thomas A. Griffis, sustained total incapacity to labor on account of the injuries, if any, received by him on December 20, 1938?" Answer: "Yes."

"Special Issue No. 4. Do you find from a preponderance of the evidence that said total incapacity to labor, if any, is permanent?" Answer: "Yes."

"Special Issue No. 5. If you have answered yes to question No. 3, that is that the plaintiff was totally incapacitated to labor (and only in that event) then do you find from a preponderance of the evidence that said total incapacity to labor, if any, is temporary?" Answer: "No."

"Special Issue No. 7. Do you find from a preponderance of the evidence that the plaintiff, Thomas A. Griffis, has or will suffer partial incapacity to labor solely as a result of the injuries, if any, sustained on December 20th, 1938?" Answer: "No."

"Special Issue No. 12. Do you find from a preponderance of the evidence that the injuries, if any, which the plaintiff, Thomas A. Griffis, received on or about the 5th day of January, 1938, and May 9th, 1938, or March 14, 1935, or on either one or more of said dates, or their effects have not contributed to the incapacity to labor, if any, which he suffered after December 20th, 1938, the date of the injury complained of?" Answer: "Such injury or injuries has not contributed to the incapacity following December 20th, 1938."

"Special Issue No. 14. What percentage of plaintiff's present incapacity of which he now complains, if any, you have

found, is attributable solely to the alleged injury of December 20th, 1938?" Answer: "100 per cent."

"Special Issue No. 15. Do you find from a preponderance of the evidence that this is a case in which a manifest hardship and injustice will result to the plaintiff if defendant fails to redeem its liability, if any, to the plaintiff, by the payment of the money, if any, owing to him in one lump sum rather than in weekly installments?" Answer: "Yes."

"Specially Requested Charge No. 4. Do you find from a preponderance of the evidence that the plaintiff's incapacity, if any you have found, will not be directly attributable to causes independent of the alleged injury of December 20th, 1938?" Answer: "Yes."

"Specially ·Requested Charge No. 6. Do you find from a preponderance of the evidence that the plaintiff's physical disability, if any he has, is not the result solely of such injury of January 5, 1938?" Answer: "Yes."

"Specially Requested Charge No. 7. Do you find from a preponderance of the evidence that the plaintiff's incapacity, if any, to labor, would not have resulted but for the alleged injury of December 20th, 1938?" Answer: "Yes."

"Specially Requested Charge No. 9. Do you find from a preponderance of the evidence that the plaintiff's physical disability, if any, is not the result solely of such injury of May 9, 1938?" Answer: "Yes."

"Specially Requested Charge No. 15. Do you find from a preponderance of the evidence that the plaintiff's incapacity, if any he has, of which he now complains, is not the result solely of an injury received by him on or about the 4th of March, 1935, when a bale of cotton fell on him?" Answer: "Yes."

"Specially Requested Charge No. 16. Do you find from a preponderance of the evidence that the plaintiff's physical incapacity, of which he now complains, if any, is not the result solely of an injury received by him on or about the 4th of March, 1935, and an injury received by him on or about the 5th day of January, 1938, and an injury received by him on or about May 9, 1938?" Answer: "Yes".

Upon the findings of the jury, the court entered judgment for appellee for compensation for total permanent disability; and ordered a lump sum payment.

Appellant contends that, since appellee admitted that he had suffered back injuries on March 4, 1935, and on January 5, 1938, and on May 9, 1938, on which he drew compensation, that it was error for the court:

(a) To permit appellee to testify that at the time he went back to work for Cummer-Graham Company in 1938, he had fully recovered from those injuries, over appellant's objection that such testimony involved an expert opinion on his own physical condition, which appellee was not qualified as an expert to give.

(b) To permit appellee's counsel to ask appellee's witness, Dr. Spell: "That occurrence on the 20th day of December, 1938, Could that reasonably and probably account for the condition that you found in Mr. Griffis (appellee) when you examined him on the 23rd day of December?" over appellant's objection that the question was for an opinion based on possibilities rather than probabilities, and was therefore speculative, and permitted the witness to answer: "Under normal conditions the injury at that time could account for all his troubles."

(c) To submit to the jury Special Issue No. 3, inquiring if appellee sustained total incapacity on account of the injuries sustained by him on December 20, 1938, over the evidence of Dr. Spell that the total incapacity complained of by appellee was to some degree contributed to by the prior injuries received by appellee, and the jury could not· answer in the affirmative without going against such evidence (which appellant states is undisputed).

We overrule this contention, and appellant's assignment based thereon. Appellee testified to receiving an injury in January, 1938, and going back to work in about a month, on February 11, 1938, and worked until the factory shut down in July, 1938; and that he received another injury in May, 1938, and was treated by Dr. Spell, the company's doctor, until June 28, 1938, when he was dismissed as well, and lost no time on account of that injury. That he went to work for the Coca Cola Bottling Works in September, 1938. That when he worked for the Coca Cola Company he was in perfect condition; that he

got about in a normal manner; that he carried sugar, the sacks weighing 100 pounds, as his main work at the Coca Cola Company; that he rested perfectly at night, and had no pain in his back. That he returned to work for Cummer-Graham Company on November 1, 1938, helping repair the mill; helped to level the ground, and put in a tram, and that nearly all this work was lifting, and that it did not affect him. We will not burden the record with appellee's testimony relating to the character of work he did after he had received his injury in 1935. We know of no reason why appellee could not testify that he had fully recovered. Certainly the cases relied on by appellant are not authority thereagainst. In Stanley v. State, 44 Tex.Cr.R. 606, 73 S.W. 400, cited by appellant, the testimony of the witness "that it was the cotton-root tea that caused her abortion", is clearly an expression of an opinion of the effect that some drug or concoction will have on the condition of pregnancy, and is not a fact relating to the witness' health. Stowell v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 259 S.W. 311, is likewise not in point: There the testimony of the plaintiff that he would be unable to work again for the balance of his life, was clearly an opinion as to the condition of his health in the future, that only a doctor is qualified to give. A man who has suffered an injury certainly knows better than any doctor, whether the injury causes him pain, either when he attempts to work, or does not. The fact that appellee had returned to work after his injuries, and performed his work as usual, and without complaint, is evidence from which anyone would conclude that he had recovered. That his testimony that he was well at the time he sustained the last injury related to a fact and not an opinion is well settled. Parker v. Harrell, Tex.Civ.App., 212 S.W. 542; Armour & Co. v. Tomlin, Tex.Civ.App., 42 S.W.2d 634; St. Louis S. F. & T. Ry. Co. v. Carter, 275 S.W. 224. The rule is stated in 19 Texas Jurisprudence, 354, section 231; "A witness need not be an expert in medical matters in order to be competent to express an opinion as to the physical condition of himself or of another and it is not clear that in describing such condition the witness is not required to state all of the evidentiary facts on which his opinion is based; his statement may partake largely of the nature of the summary of or a conclusion from such facts. These rules are applicable alike whether the testimony relates to general health or a particular disease or injury."

What has just been said, in our opinion, is sufficient to dispose of any claim of error by reason of the claimed error on the question asked Dr. Spell. We further hold that the question did not call for a mere speculation, and the objection was without merit. Galveston, H. & S. A. Ry. Co. v. Harris, Tex.Civ.App., 172 S.W. 1129; Hunter v. Ithaca, 141 Mich. 539, 105 N.W. 9.

It having been proved that appellee had received compensation for disability suffered at former times, the burden was on appellee to prove by a preponderance of the evidence the amount of disability produced solely by the injury of December 20, 1938. Sec. 12c, Art. 8306. In addition to the testimony of appellee himself, and of Dr. Spell on direct examination to the complete recovery of appellee from his former disability, a letter to appellant from its physician, Dr. M. A. Walker, under date of February 19, 1938, was introduced in evidence, advising appellant that appellee had returned to work on February 11, 1938, fully recovered, which letter concluded: "There is no deformity and neither will there be any permanent injury resulting"; and also the evidence of appellee's neighbors, and members of his family, and fellow-workmen, which tended to establish that appellee was in a healthy condition before the injury of December 20, 1938. Appellant, therefore, is in error in its claim that it is undisputed that prior injuries contributed to some extent to appellee's permanent disability. The disability of 1935 was settled for something like $500; the other two instances were settled for small amounts, amounts that indicate the injuries were trivial. The opinion expressed on cross-examination by Dr. Spell that the former injuries might contribute to the disability resulting from the accident of December 20, 1938, was in conflict with that expressed by himself on direct examination, and was not binding on the jury. The rule of the weight of opinion of skilled witness is discussed in 22 C. J., page 728. His opinion was not binding on the jury. Universal Life & Accident Insurance Company v. Nanes, Tex.Civ. App., 92 S.W.2d 473.

Appellant contends that special issue No. 4 was erroneously submitted, in view of Dr. Spell's testimony that the former injuries

could have contributed to appellee's disability. Said special issue No. 4 reads: "Do you find from a preponderance of the evidence that said total incapacity to labor, if any, is permanent?" It followed, and was conditioned on special issue No. 3, reading: "Do you find from a preponderance of the evidence that the plaintiff, Thomas R. Griffis, sustained total incapacity to labor on account of the injuries, if any, received by him on December 20, 1938?"

 Since special issue No. 4 is limited in its scope to injuries sustained on December 20, 1938, we cannot assume that the jury disregarded its instructions, and took into consideration disability flowing from injuries received at any other time. Of course, it was necessary for the court to submit special issue No. 4, as it formed a primary issue for appellee. We overrule the assignment that special issue No. 4 was erroneously submitted. Appellant was entitled to have its theory, that a part of the disability suffered by appellee was sustained at former times, submitted. And it seems to us that special issue No. 12 does this. It reads: "Do you find from a preponderance of the evidence that the injuries, which the plaintiff, Thomas R. Griffis, received on or about the 5th of January, 1938, and May 9, 1938, or March 14, 1935, or on either one or more of said dates, or their effects have not contributed to the incapacity to labor, if any, which he suffered after December 20, 1938, the date of the injury complained of?" And the jury answered: "Such injury or injuries has not contributed to the incapacity following December 20, 1938." In addition to special issue No. 12, special issue No. 14, and specially requested charges Nos. 4, 6, 7, 9, 15 and 16, were given, and fully present appellant's defensive issue in this connection. And, in particular, special issue No. 12 is not subject to the construction that it places the burden of proof on appellant. The law places the burden, in such case, on the plaintiff to prove that other injuries do not contribute to the disability sued on. And the special issue, as framed, does this very thing.

Appellant offered no testimony at the trial. Appellee testified to the occurrence of the injury to him on December 20, 1938. And appellant paid appellee weekly compensation for nine weeks, and reported the injury to the Industrial Accident Board. Appellee testified to reporting the injury to his employer, and was sent to Dr. Spell by his employer, and Dr. Spell was paid for his services by appellant. There was no dispute, whatever, that appellee suffered an injury on December 20, 1938; and besides, the question of whether he had suffered an injury on that date was submitted in special issue No. 1. It was not error for the court to assume the occurrence of the injury in special issue No. 12, there being no dispute relative thereto.

We have considered appellant's other assignments of error and find them without merit. The judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.