BILICKI v. W. T. GRANT COMPANY.

W. T. GRANT COMPANY v. BENITEAU
BIRD COMPANY.

1. EVIDENCE—EXPERT TESTIMONY—ADMISSIBILITY.

Admissibility of expert testimony is based upon premise that the resolution of questions concerning certain area requires special knowledge, training, and skill in that area, beyond that held by the ordinary, reasonable man of the community.

2. SAME—EXPERT TESTIMONY—OPINIONS.

The opinions of an expert witness must be based on his special expertise in the field where the expert testimony is essential.

3. SAME—EXPERT—JUDGMENT OR OPINION.

An expert may give his best judgment or opinion on the matter under inquiry but may not give answers which are mere guesses or give an opinion which is nothing more than naked or baseless conjecture.

4. SAME—EXPERT TESTIMONY—SCIENTIFIC FACTS.

An expert may testify to general scientific facts or doctrines which are pertinent to the facts in issue, but he cannot testify either as to general theories which have only a remote and conjectural application to the facts of the case or as to general conditions or occurrences speculatively connected with the issues at bar.

5. JUDGMENT — SUMMARY JUDGMENT — EXPERT TESTIMONY — PSITTACOSIS.

Summary judgment for defendant and third-party defendant in consolidated actions by husband and wife to recover for in-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  31 Am Jur 2d, Expert and Opinion Evidence § 16.
[3, 4]  31 Am Jur 2d, Expert and Opinion Evidence § 44.
[5]  41 Am Jur, Pleading §§ 340–343.

juries sustained when they allegedly contracted psittacosis after purchase of a parakeet *held,* proper, where treating physicians testified that in their opinions plaintiffs did not have psittacosis and another physician testified that although an examination of the hospital records indicated they could have had psittacosis, he could not with a reasonable degree of medical certainty form an opinion as to the disease they had.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted Division 1 December 5, 1967, at Detroit. (Docket No. 2,877, 2,878.) Decided April 2, 1968. Leave to appeal granted June 27, 1968. See 381 Mich 759.

Declarations by Joseph F. Bilicki and Rose Bilicki against W. T. Grant Company, a foreign corporation, to recover injuries sustained when they became ill after purchasing a parakeet from defendant. Third-party complaint by defendant against Beniteau Bird Company, a Michigan corporation. Cases consolidated for trial. Summary judgment for defendant and third-party defendant. Plaintiffs appeal. Affirmed.

*Albert Lopatin (Norman L. Zemke,* of counsel), for plaintiffs.

*Alexander, Buchanan & Conklin (John A. Kruse,* of counsel), for defendant.

*Feikens, Dice, Sweeney & Sullivan,* for third-party defendant.

McGregor, J. The determinative question in this case is whether or not the plaintiffs had psittacosis. This was a question requiring expert testimony to be considered by the jury for a finding of fact at the trial.

Defendant W. T. Grant Company purchased parakeets from third-party. defendant Beniteau Bird Company and in turn sold one to the plaintiff wife. Upon bringing the bird home, she found that it was sickly and attempted to nurse it to health. Approximately three weeks later plaintiff wife became ill, showing symptoms of fever, cough and pneumonia. She entered Henry Ford Hospital with a preliminary diagnosis of psittacosis.[1] Blood tests were made during the course of her illness and the Wayne county and Dearborn departments of health were contacted. The departments of health requested that the plaintiff husband keep the bird until they could examine it. Four days later, the Dearborn department of health gave the husband its permission to kill the bird and instructed him to bring the remains of the bird to the department of health for examination. By the time an examination of the bird's remains was made, they were too far decomposed to be useful for any determination of the cause of the bird's prior illness.

A week after his wife's release from the hospital, plaintiff husband was admitted to Henry Ford Hospital, suffering the same complaints as his wife.

Suit was filed in Wayne county circuit court, alleging that the plaintiffs had contracted psittacosis from the sick parakeet. On depositions, the physicians who had treated the plaintiffs testified that the plaintiffs had had an acute respiratory disease of undetermined origin, but in their opinions, not psittacosis. Elimination of psittacosis from their opinions was based, among other things, upon a blood test which, according to them, showed psittacosis was not present.

---

[1] As explained by the expert testimony contained in depositions, psittacosis is a form of penumonia which is contracted through contact with birds which have this disease. It is often referred to as "parrot fever."

. Stating that there was no genuine issue of a material fact, defendants moved for a summary judgment under GCR 1963, 117.2(3). Plaintiffs countered with an affidavit of a physician stating that, upon examination of the hospital records, it would seem that the plaintiffs did, in fact, have psittacosis. At a hearing held before the circuit court, the affiant physician disclosed that although an examination of the hospital records indicated plaintiffs could have had psittacosis, he could not with a reasonable degree of medical certainty form an opinion as to the malady suffered by the plaintiffs.

Summary judgment was granted on the basis that no issue of a material fact could be presented upon which a jury could reasonably find for the plaintiffs.

On appeal, the plaintiffs contend that a medical witness may testify as to what, in his opinion, could or would be the result of a certain action, or what could be present in a particular case. We find this contention correct as far as it goes. See *Hunter* v. *Village of Ithaca* (1905), 141 Mich 539; *Konieczka* v. *Mt. Clemens Metal Products Co.* (1960), 360 Mich 500; *Yates* v. *Wenk* (1961), 363 Mich 311. Each of these cases, however, involved the testimony of a treating physician, stating that, in his medical opinion, a certain condition would or could exist, and that such opinion was substantiated by other competent evidence presented at trial.

An expert's testimony as to the ultimate conclusion of fact must be his expert opinion. Any other statement of his conclusions should be inadmissible as a conclusion. The admissibility of expert testimony is based upon the premise that the resolution of questions concerning certain areas of human endeavor requires special knowledge, training and skill in that particular field, beyond that held by the ordinary, reasonable man of the community. The opin-

ions of an expert witness must be based on his special expertise in the field where the expert testimony is essential. The testimony of an expert without benefit of his professional opinion or his expertise is the same as the opinion of the untrained.

"The expert is entitled to give his best judgment or opinion on the matter under inquiry, but not to give answers which are mere guesses or to give an opinion which is nothing more than naked or baseless conjecture. While an expert may testify to general scientific facts or doctrines which are pertinent to elucidate the facts in issue, he cannot testify either as to general theories which have only a remote and conjectural application to the facts of the case, or as to general conditions or occurrences speculatively connected with the issues at bar." 31 Am Jur 2d, Expert and Opinion Evidence, § 44, p 549.

Upon a search of the record we can find no expert medical opinion which supports the contention that the plaintiffs had psittacosis. There is no testimony upon which a finding by a trier of fact in favor of plaintiffs could be justified. Summary judgment was proper.

Affirmed. Costs to appellees.

LESINSKI, C. J., and FITZGERALD, J., concurred.