## TEXAS INDEMNITY INS. CO. v. PERDUE.

No. 4078.

Court of Civil Appeals of Texas. Amarillo.

Oct. 18, 1933.

Rehearing Denied Nov. 15, 1933.

Don Emery, R. K. Batten, and T. L. Dyer, all of Amarillo, for appellant.

Works & Bassett, E. T. Miller, and Jas. O. Cade, all of Amarillo, for appellee.

JACKSON, Justice.

The appellee, G. H. Perdue, instituted this suit in the district court of Potter county against appellant, Texas Indemnity Insurance Company, to set aside the decision of the Industrial Accident Board awarding him unsatisfactory compensation for injuries he claimed to have sustained while employed by the Phillips Petroleum Company, which carried compensation insurance for its employees with appellant.

No question is presented pertaining to the jurisdiction of the court or the pleadings of appellee.

The appellant answered by general demurrer, special exceptions, general denial, and alleged that any incapacity or disability of appellee resulted from disease or injuries suffered by him prior to the time he was employed by the Phillips Petroleum Company.

In response to special issues submitted by the court, the jury found that appellee sustained personal injuries on October 24, 1931, in the course of his employment for the Phillips Petroleum Company; that he became totally incapacitated for work as the result of the injuries he sustained on said date; that such total incapacity was permanent and began on the date of the injury. It was agreed by the parties that the amount of compensation, if any appellee received, should be based on an average wage of $18 per week. On this agreement and these findings the appellee recovered the lump sum of $3,741.16, with interest thereon at the rate of 6 per cent. per annum from the date of the judgment.

The appellant assigns as error the action of the court in submitting to the jury the issue of appellee's total incapacity and in failing to set aside the verdict of the jury thereon, because the great preponderance of the credible evidence discloses that appellee was not totally incapacitated as a result of the injuries alleged.

The appellant does not claim that the finding was without support in the testimony, but the contention is that the great preponderance of the credible evidence is against the verdict, and ought therefore to be set aside.

■■■ The credibility of witnesses and the weight to be given to their testimony are peculiarly within the province of the jury, and this court is bound by the verdict, if, discarding the adverse testimony and giving credit to the evidence favorable to the plaintiff, the finding is warranted. Jackson v. Langford (Tex. Civ. App.) 60 S.W.(2d) 265; Daggett et al. v. Corn (Tex. Civ. App.) 54 S.W.(2d) 1099.

We deem it unnecessary to give a detailed statement of the testimony, but content ourselves with stating that in our opinion the evidence is amply sufficient, under the rule above announced, to support the jury's finding.

■■■ Appellant presents as error the action of the trial court in permitting certain expert witnesses to answer hypothetical questions over the objection that the questions assumed the existence of facts not disclosed by the record.

This objection is not sufficiently specific to require this court to review such ruling. Schaff v. Shepherd (Tex. Civ. App.) 196 S. W. 232; Texas Indemnity Ins. Co. v. Gannon et al. (Tex. Civ. App.) 38 S.W.(2d) 181. The purpose of the testimony was to show a causal connection between the accident and the injury, and appellant proved by one of such experts that in the opinion of the witness the condition of appellee was due to the injury sustained while in the em-

ployment of the Phillips Petroleum Company, hence the appellant is not in a position to complain. 17 Tex. Jur. 370, § 126; 3 Tex. Jur. 1032, § 732. In addition, an examination of the record discloses that testimony had been offered to prove each of the facts assumed in the hypothetical questions.

■ The appellant assails as error the action of the Court in refusing to submit what it asserts was an affirmative defense contained in its requested issue which is as follows: "Do you find from a preponderance of the evidence in this case that plaintiff G. H. Perdue did not retain the capacity or ability to perform the same character of labor or employment after he sustained accidental personal injuries, if any, on October 24, 1931, as he performed prior to said injuries, if any?"

The appellee pleaded that as a result of the injuries he received he suffered total permanent incapacity. This issue the appellant controverted under a general denial, and offered testimony by which it sought to prove the negative of this issue, but the evidence did not present an affirmative defense to said issue. The jury, in response to issues submitted, found that appellee had suffered total permanent incapacity as alleged. If this finding is correct, and we think it warranted by the testimony, then appellee did not retain the same capacity and ability to do the same character of work after the injury as he did prior thereto, and appellant was not entitled under this record to the affirmative submission of the negative of such issue.

■ In a case that permits the defendant to prove an affirmative defense under a general denial and the testimony raises such affirmative defense, the defendant is entitled to an affirmative submission of the defense so raised, but, if the evidence offered tends only to negative the cause of action presented, the issue or issues on which such action depends should be submitted affirmatively as plaintiff has the burden of proof, but the negation of such issue should not be affirmatively submitted. Texas Employers' Ins. Ass'n v. White (Tex. Civ. App.) 32 S.W.(2d) 955.

■ The appellant assigns as error the action of the trial court in refusing to submit, at its request, proper issues asking in effect if appellee had suffered any personal injuries prior to October 24, 1931, and if such prior injuries contributed to appellee's present incapacity and what percentage of such incapacity resulted alone from the injuries sustained on October 24, 1931.

The record discloses that appellee was injured in a railroad wreck in 1909; that he was section foreman at the time he received the injuries, and continued to act as such for approximately three months, at which time he advised the company that his injuries were such that he could not continue on duty, and his physician had advised him not to return to the job any more; that he instituted suit against the railroad, alleging that he received injuries in the wreck affecting his neck, back, spine, ribs, chest, abdomen, legs, heart, and lungs; and that such injuries were permanent. The petition so alleging was filed by appellee's authorized attorneys, and contained, in substance, the same allegations of injuries relied on by appellee in the instant case. The railroad company paid him $3,000 in settlement of said suit. The appellee conceded that in the early part of the year preceding his injury he had been treated by different physicians for some ailment, the nature of which he did not know.

Section 12c, art. 8306, R. C. S.: "If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury."

The facts we have recited, together with other circumstances in the case, in our opinion were sufficient to require the court to submit the issues requested by appellant. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Montrief & Montrief v. Bragg (Tex. Com. App.) 2 S.W.(2d) 276; Petroleum Casualty Co. v. Bristow (Tex. Civ. App.) 21 S.W.(2d) 9; Commercial Standard Ins. Co. v. McGee et al. (Tex. Civ. App.) 40 S.W. (2d) 1105.

The other assignments presented by appellant are overruled.

The judgment is reversed, and the cause remanded.