**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**J. J. MERRIFIELD, as Next Friend and Natural Guardian of Alvin Lee Merrifield.**

No. 6877.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 28, 1959.

Rehearing Denied Nov. 2, 1959.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellant.

Huff & Splawn, Davis & Bevers, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a compensation case. A. L. Merrifield, as next friend and guardian, brought this suit against Texas Employers' Insurance Association to recover compensation for alleged injuries to Alvin Lee Merrifield. Parties will be designated herein as they were in the trial court unless otherwise referred to as appellant and ap-

pellee. Plaintiff alleged that on or about August 8, 1957, Alvin Lee Merrifield was in the employ of White Deer Pump Service; and while engaged in the course of such employment was acidentally injured in that; and then described the injuries which were contended caused Alvin Lee Merrifield to be totally and permanently disabled under the meaning of total disability in the Workmen's Compensation Act of the State of Texas. Omitting the exceptions defendant answered as follows:

"III

"The defendant denies all and singular the allegations made and contained in plaintiff's petition filed herein, and of such allegations the defendant demands strict proof.

"IV

"Any incapacity plaintiff may have sustained has been or will became partial, rather than total, in its degree. This plea is urged

"(a) To any right of recovery plaintiff may have for any specific injury or injuries; and also

"(b) To any right of recovery plaintiff may have for any general incapacity.

"V

"Any incapacity plaintiff may have sustained, whether total or partial, is temporary, rather than permanent, in its duration. This plea is urged

"(a) To any right of recovery plaintiff may have for any specific injury or injuries; and also

"(b) To any right of recovery plaintiff may have for any general incapacity.

"VI

"The law views plaintiff's injury as a specific injury confined to the hand.

"VII

"Any incapacity, if any, of plaintiff, Alvin Lee Merrifield, is caused solely by the incapacity, if any, to his hand and arm.

"VIII

"Defendant has paid in compensation on account of the alleged injury the sum of $550.00. Such payment discharges any liability of defendant to plaintiff; alternatively defendant claims credit therefor.

"Wherefore, Premises Considered, defendant prays the court that plaintiff take nothing by his suit filed herein and that defendant be discharged with its costs."

The case was tried to a jury upon special issues. Upon the answers of the jury (together with other findings) that Alvin Lee Merrifield was totally and permanently incapacitated, judgment was rendered for the plaintiff. Defendant presented its motion for new trial but the same was overruled by the trial court and hence this appeal.

■ Appellant presents its appeal upon ten assignments of error. The first four points are presented together since they deal with the question whether in fact the employee-employer relationship existed so as to warrant a recovery under the compensation law. In other words, was it necessary that it be shown that Alvin Lee Merrifield had been emancipated or that he could work for his father as employee. A. L. Merrifield, as sole owner, was doing business under the firm name of White Deer Pump Service. Under the undisputed record in this case Alvin Lee Merrifield was working for his father and was drawing the same wages as the other employees. Article 8309, Section 1 of the Workmen's Compensation Act provides that the word "employee" shall mean every person in the service of another under any

contract of hire, expressed or implied, oral or written. Article 8306, Section 13 provides as follows:

"Sec. 13. If an injured employé is mentally incompetent or is a minor or is under any other disqualifying cause at the time when any right or privileges accrue to him or exist under this law, his guardian or next friend may in his behalf claim and exercise such rights and privileges except as otherwise herein provided. In case of partial incapacity or temporary total incapacity, payment of compensation may be made direct to the minor and his receipt taken therefor, if the authority to so pay and receipt therefor is first obtained from the board."

This article shows clearly that a minor comes within the compensation statute and that any action taken to recover under the act would be brought by the minor's guardian or next friend for the benefit of the minor. The father would not be entitled to recovery under the act only as a minor's guardian or next friend for the minor's benefit. If this minor, while working for his father, could not collect under the Workmen's Compensation Act because his father was entitled to his earnings, then, by the same reasoning the minor could not collect under the act because his father was entitled to receive his wages while working for someone else. It is not solely a question of wages but is a difference between his average weekly wage before the injury and his average weekly wage earnings capacity thereafter. We have not been cited to a Texas case where the exact point has been decided as to a son working for his father and, neither have we found one. We do not believe, however, that the case of Crawford v. De Long, Tex.Civ.App., 324 S.W.2d 25 is in point here as Alvin Lee Merrifield could not be considered as owning any interest in his father's business so as to be considered in the light of both an employer and an employee.

The jury found that Alvin Lee Merrifield was injured while working as an employee of J. J. Merrifield and while in the course of his employment. The trial court in the charge gave the statutory definition of the term "employee." Then the question seems to be what is the meaning of the term "hire". Webster defines "hire" as: "The price, reward, or compensation paid xxx for personal services, or for labor." "The laborer is worthy of his hire." Doubtless, there could be a contract of service without stipulated wages, but there could be no employee unless his personal services were rendered to the employer, and since wages are generally paid for personal services, wages or salary are made the criteria of compensations given injured employees. Under this record, there is no question but what Alvin Lee Merrifield was working on the job in question. He was on the payroll at the time he was injured and was paid for his labor like the rest of the employees on the job and, it was stipulated that the court might use as an average weekly wage the figure of $65 without necessity of jury submission or jury findings. We are of the opinion the issue submitted by the court in effect covered appellant's requested issue five. Appellant's first four points of error are overruled.

■ The appellant's assignments of error five, six and seven are as follows:

"Point Five

"The error of the trial court in allowing a 400-week recovery despite

"(a) Plaintiff's election to recover on the claim of an alleged injury to his neck or back, and

"(b) The absence of competent evidence sustaining the jury's finding that as the result of an injury to his neck or back plaintiff sustained a total incapacity lasting 400 weeks.

"Point Six

"The insufficiency of the evidence to sustain the jury's findings that as the

result of an injury to his neck or back plaintiff sustained a total incapacity lasting 400 weeks.

### "Point Seven

"The insufficiency of the evidence to sustain a recovery in excess of the benefits prescribed by the compensation law for the specific member affected."

These points deal with the question of evidence. We have considered all of the evidence and are unable to say the findings of the jury were not supported by sufficient evidence and neither can we say the findings were against the great weight and preponderance of the evidence. Dr. Tull testified at length as to his examination and tests made as to the condition of Alvin Lee Merrifield and from his objective findings it was his opinion that Alvin Lee Merrifield's injuries were permanent and thought the injuries would progressively get worse. There was other testimony concerning Alvin Lee Merrifield's condition. We overrule appellant's fifth, sixth and seventh assignments of error.

■ By appellant's eighth assignment of error it is contended the court erred in refusing to submit to the jury appellant's defensive plea to the effect that appellee's incapacity was caused solely by the incapacity to his hand and arm. It is true the appellant requested the court to submit its Special Issue No. 1 as follows: "Is the incapacity to work, if any, of plaintiff, Alvin Lee Merrifield, caused solely by the incapacity, if any, to his hand and arm?" The appellant also requested the court to submit its Special Issues Nos. two, three and four concerning the back and neck injuries. The trial court gave in his main charge the exact substance of appellant's requested Special Issues Nos. two, three and four. Before the appellee could recover for the injuries to his neck and back, the burden of proof was upon him to establish the injury and its extent. We are familiar with the rule that the defendant is entitled to the affirmative submission of its de-

fenses. If the appellee received injuries to his neck and back to such extent as to prompt appellant's requested Special Issues Nos. two, three and four, then surely appellee's incapacity to work was not caused solely by the incapacity to his hand and arm. It is stated by the Supreme Court in the case of Guzman v. Maryland Casualty Co., 130 Tex. 62, 107 S.W.2d 356, 357, as follows:

"The jury found, in answer to questions submitted, (a) that Guzman received an injury in the scope of his employment, and (b) that death was not due to any cause other than an injury sustained by him while engaged in the performance of his duties as an employee of the Corpus Christi Warehouse & Storage Company. We think that these findings are sufficient to sustain the judgment of the trial court. The trial court having given the issues as requested by defendant in error, that company is not now in position to complain of the court for refusing to submit other issues, more specific in terms, relating to the same question. Where the requested issues relate to the same ground of recovery or matter of defense, and are requested at the same time, but couched in different language, the trial court may give some and refuse others. In other words, defendant in error is not entitled to request the submission of two or more issues, relating to the same question, and then complain that the court gave one of its requested issues and refused to give the others. Texas & N. O. R. Co. v. Neill et. al., 128 Tex. 580, 100 S.W. 2d 348. See 41 Texas Jur. § 246, p. 1051, and cases cited."

After the court had given part of the issues requested by the appellant which requested the issue concerning the injury to the neck and back, to then ask the jury if the appellee's incapacity to work was caused solely by the incapacity to his hand and arm would be the negative of the other issue requested, and we do not believe would

be a proper submission. To so submit would be to invite answers which might result in a mistrial. See Gulf States Security Life Ins. Co. v. Edwards, Tex.Civ.App., 109 S.W.2d 1125, 1129, (writ dismissed) where it is stated:

"The defendant's seventh proposition complains of the court's failure to submit 'in some manner or form' the following issue: 'Do you find from a preponderance of the evidence that Mrs. H. T. Edwards would have entered into said agreement notwithstanding said statement alleged to have been made to her by the said Woodward?'

"After each of the five issues of fraud, the court submitted the following issue in regard to the alleged false representations: 'Do you find from a preponderance of the evidence that the plaintiff would not have made said settlement and release if said representations, if they were so made, had not been made?'

"To each of these issues the jury answered, 'yes.' Each of these issues was necessary to establish plaintiff's cause of action. The substance of the requested issue, as above stated, was merely a negation of the issue submitted to establish plaintiff's cause of action. While we recognize the rule that the defendant is entitled to an affirmative submission of all of its defensive issues raised by the pleadings and the evidence, we do not think there is any law that warrants the negative submission of an issue for the defendant when that same issue has been submitted as a part of plaintiff's cause of action. Hoover v. Hamilton (Tex.Civ.App.) 14 S.W.2d 935; Texas Indemnity Insurance Co. v. Perdue (Tex.Civ.App.) 64 S.W.2d 386, and cases therein cited."

See also Texas Employers Insurance Association v. Ebers, Tex.Civ.App., 134 S.W.2d 797, 800 (writ dismissed), judgment correct, where it is said:

"The appellant presents as error the court's refusal to submit its specially requested issue No. 5, as follows: 'Do you from the preponderance of the evidence find plaintiff's total incapacity, if any, not to have terminated?'

"The court in his main charge submitted special issue No. 9, which is as follows: 'How long do you find, from a preponderance of the evidence that the total incapacity, if any, of plaintiff, Harry J. Ebers continued or will continue from the date of said injury, if any, was sustained on or about the 9th day of September, 1937? Answer by giving the length of time, if any.'

"To this issue the jury answered '151 weeks'. By such answer the jury found that the total incapacity of the appellee had not terminated at the date of the trial in 1938, but extended beyond such date into the year 1940. While we recognize the rule that the defendant is entitled to an affirmative submission of all of its defensive issues raised by the pleadings and evidence, it is our opinion that the substance of the requested issue in controversy was not an affirmative defense but a mere negation of the appellee's cause of action as to the duration of his total incapacity. We think the complaint of the appellant in regard to the court's refusal to submit special issue No. 5 is expressly overruled by the holding of this court in Texas Indemnity Ins. Co. v. Perdue, Tex.Civ. App., 64 S.W.2d 386, 388, writ refused, in the following language: 'In a case that permits the defendant to prove an affirmative defense under a general denial and the testimony raises such affirmative defense, the defendant is entitled to an affirmative submission of the defense so raised, but, if the evidence offered tends only to negative the cause 'of action presented, the issue or issues on which such action depends should be submitted affirmatively as plaintiff has the burden of proof,

but the negation of such issue should not be affirmatively submitted. Texas Employers' Ins. Ass'n v. White, (Tex.Civ.App.) 32 S.W.2d 955.'"

To the same effect is the case of Jefferson Standard Life Ins. Co. v. Curfman, Tex. Civ.App., 127 S.W.2d 567 (writ dismissed). Appellant's eighth assignment of error is overruled.

■ Appellant's ninth and tenth assignments of error are as follows:

### "Point Nine

"The error of the trial court in overruling as to each of issues 1 to 6, inclusive, defendant's timely urged objection that the generality of the inquiry was such that it could not be told whether the answer 'yes' was founded on the specific injury to the hand and forearm, the alleged injury to the neck or back, some other and separate injury, or a combination of all.

### "Point Ten

"The error of the trial court in overruling as to each of issues 1 to 6, inclusive, defendant's timely urged objection that the same permitted an answer founded on a combination of the general and the specific in the face of the contrary holding of the Supreme Court."

Appellee pleaded in part as follows:

"Plaintiff alleges that on or about the 8th day of August, 1957, plaintiff's minor son was in the employ of Whitedeer Pump Service, in Carson County, Texas; and while engaged in the course of such employment was accidentally injured in that: he was taking a chain off of a vice hooked onto an eight inch column pipe when a twenty foot length of eight inch pipe fell on his right hand and the elevators fell on his right arm jerking and twisting his body, and as a result of said accident, plaintiff's minor son sustained the following injuries which were a direct and proximate cause of plaintiff's minor son's physical condition:

"Loss of the index finger on his right hand, stiffness of the middle finger and pain in the dorsal portion of his right hand, and crushing and mangling his right arm necessitating in an operation extending from his hand to his elbow and the insertion of pins in the bones of his right arm; the severe jerking and twisting of the plaintiff's son's body at the time of the tremendous impact on his hand and arm caused a rupture and contusion of all the muscles, ligaments, tendons, nerves, blood vessels and soft tissues in his neck and low back accompanied by damage to the intervertebral disc in the lumbo sacral region and tenderness and limitation of motion in his low back and sacro-iliac regions * * * All of the above injuries resulting from the accident above described have caused the plaintiff's son to be totally and permanently disabled under the meaning of total disability in the Workmen's Compensation Act in the State of Texas."

We are of the opinion that this is sufficient pleading to show the appellee was claiming a general injury because of all the injuries received by the appellee. The appellant requested the separate issues as to the neck and back. In addition to the general issues one to six, both inclusive, the jury found that appellee suffered an injury to his neck or back which resulted in his total incapacity to work and, in addition, lost the entire use of his arm. Taking into consideration the evidence introduced together with the pleadings that all of the injuries set out resulted from the accident described resulted in total and permanent disability, we are of the opinion the case was sufficiently submitted, and error, if any, would be harmless. Appellant's points nine and ten are overruled.

Judgment of the trial court is affirmed.