Rufus SOWELL, Appellant,

v.

The TRAVELERS INSURANCE COMPANY, Appellee.

No. 6542.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 11, 1962.

Rehearing Denied Nov. 7, 1962.

Second Motion for Rehearing Denied Nov. 28, 1962.

Fulmer, Fairchild & Badders, Nacogdoches, for appellant.

Garrison, Renfrow, Seleskey, Cornelius & Rogers, Lufkin, for appellee.

McNEILL, Justice.

This is a Workmen's Compensation case. The following is taken from appellant's brief: "Rufus Sowell, appellant, alleged that permanent total incapacity resulted from an injury to his back on November 12, 1960. Upon a jury's findings that such injury resulted in partial incapacity for 14 months, that Sowell's earning capacity during such period was $22.20, that Sowell's prior injuries of 1950 and 1956 contributed to such partial incapacity, and that 25% of such incapacity was due solely to the injury of November 12, 1960, the trial court rendered judgment for Sowell against the appellee, Travelers Insurance Company, for compensation for 61 weeks at the rate of $3.07, representing 25% of the difference between his average weekly wage, $42.69, and his weekly wage earning capacity during the period of such partial incapacity, $22.20."

Appellant has appealed from this judgment and attacks it upon eight points of error. The first is to the effect that since Issue No. 16 inquired what percentage of appellant's incapacity was due "solely" to the injury of November 12, 1960, the issue did not allow the jury to take into consideration any aggravation, acceleration or lighting up of any prior diseases or conditions, and consequently placed an undue burden of proof upon him.

To understand the problem presented, an outline of the court's charge follows.

Issues 1 through 9 involved the existence, extent and duration of the injury sued upon; 10 and 11 involved the wage rate; 12 and 13 were on the issue of manifest hardship. Issues 14, 15 and 16 having to do with contribution of prior injuries then followed. These three issues and answers were:

"SPECIAL ISSUE NO. 14. Do you find from a preponderance of the evidence that plaintiff's injury of October, 1950, does not contribute to plaintiff's incapacity, if any you have found?

Answer: 'It does not' or 'It does'.
Answer: It does.

"SPECIAL ISSUE NO. 15. Do you find from a preponderance of the evidence that plaintiff's injury of April, 1956, does not contribute to plaintiff's incapacity, if any you have found? Answer: 'It does not' or 'It does'. Answer: It does.

"If you have answered either Special Issue No. 14 or 15, 'It does', and only in that event, then answer the following Special Issue:

"SPECIAL ISSUE NO. 16. From a preponderance of the evidence, what percentage, if any, of plaintiff's incapacity, if any you have found, is due solely to the alleged injury of November 12, 1960? Answer by stating the percentage, if any. Answer: 25%."

The charge contained this definition of injury:

"You are instructed that by the term 'INJURY' as used in this Charge, is meant damage or harm to the physical structure of the body, and such diseases or infection as naturally result therefrom, or the lighting up, acceleration or aggravation of any disease or condition previously existing, by reason of such damage or harm to the physical structure of the body."

■ It is elementary that injury as applied in the Workmen's Compensation Act not only covers the primary physical impact or harm, but as defined above, includes aggravation of any disease or condition previously existing. Since the language of the instruction defining "injury" included the phrase "as used in this Charge", it is inescapable that each time the word "injury" appeared in the charge the definition became a part of and modified it. Though no argument of counsel is in the record, this, no doubt, would have been a legitimate comment upon the issues for the benefit and guidance of the jury. In view of the

sagacity of appellant's counsel, we entertain no doubt that full advantage was taken of this right of comment.

In ascertaining to what extent prior injuries contributed to a claimant's disability, this court in Travelers Insurance Co. v. Glenn, Tex.Civ.App., 358 S.W.2d 136, stated (p. 138):

"This extent could have been determined by asking the jury what percent of plaintiff's present incapacity, if any, resulted solely from the second injury, or by asking the jury what percent of plaintiff's present incapacity, if any, resulted solely from the first injury."

See, also, Texas Emp. Ins. Ass'n v. Griffis, Tex.Civ.App., 141 S.W.2d 687; Texas. Indemnity Ins. Co. v. Perdue, Tex.Civ.App., 64 S.W.2d 386; Traders & General Ins. Co. v. Watson, Tex.Civ.App., 131 S.W.2d 1103; Texas General Indemnity Co. v. Savell, Tex.Civ.App., 348 S.W.2d 202. While in none of the cited cases the very point now presented was made, they are persuasive. Appellant's first point is overruled.

■ The second through fifth points are treated together in appellant's brief and we shall do likewise. The second point urges the jury's finding in answer to Issue No. 4 that plaintiff sustained no total incapacity is contrary to the undisputed evidence; and the third point urges that this answer is against the great weight and preponderance of the evidence, is clearly wrong and manifestly unjust. The fourth point urges that the answers of the jury to Special Issues 8 and 9 which found that partial incapacity resulted from the injury of November 12, 1960, began on that date and continued for 14 months, are contrary to the undisputed evidence in view of the fact that appellant sustained total incapacity for a substantial period of time immediately after November 12, 1960; and the fifth point assails these findings as being contrary to the great weight and preponderance of the evidence so as to be clearly wrong and manifestly unjust. We have examined

353

the statement of facts and are satisfied that the answers made by the jury are not subject to the complaints made. We set out below a short summary of the evidence bearing upon these points.

Appellant was injured while working for DeWitt's Hatchery on November 12, 1960. He stated he was emptying a tub of water weighing 25 or 30 lbs. and wrenched his lower back. Dr. T. J. Pennington testified for appellant. He examined appellant shortly after the injury and at that time appellant was complaining of pain in his lower back, abdomen and legs. The doctor also testified he found spasms of the lower abdomen and severe spasm of the lumbar muscles and tenderness on the left side and back. Dr. Pennington immediately placed his patient in a hospital for some three weeks, two weeks of which time he was in traction. Appellant argues from this that he was, as a matter of law, totally disabled for at least two weeks and Issues 4, 8 and 9 were therefore clearly against the undisputed evidence. It is undisputed that appellant was in the hospital, but appellee asserts that whether it was reasonably necessary to have placed appellant in the hospital and in traction was one for the jury to determine. The belief upon the part of the doctor that he needed this sort of attention was, in effect, but his opinion as to what the patient needed. The jury was, therefore, not bound to accept his opinion. Appellant has cited no case sustaining his position, and we are of the opinion that the question of whether the treatment given appellant was needed, under the facts of this case, was one within the province of the jury to settle as it did.

■ The 6th point urges that since appellant's injury of October, 1950, was a specific injury to his left leg and the injury sued upon of November 12, 1960 was a general injury to appellant's back, the trial court erred in submitting Special Issue 14 inquiring whether the former injury contributed to appellant's incapacity over the objection that the circumstances in connection with his 1950 injury did not bring

into play Sec. 12c of Article 8306, Vernon's Ann.Tex.St. Upon this point, appellant calls our attention to Miears v. Industrial Accident Board, 149 Tex. 270, 232 S.W.2d 671, and St. Paul Fire & Marine Ins. Co. v. Murphee, Tex., 357 S.W.2d 744. We have read these authorities and do not believe they sustain appellant. Sec. 12c, in the respect involved here, makes no distinction between specific and general injuries. Traders & General Ins. Co. v. Gibbs, Tex.Civ.App., 229 S.W.2d 410. The 6th point is overruled.

■ Appellant's 7th point asserts that there was no evidence that the injury of 1950 contributed to the incapacity sustained by plaintiff as a natural result of his injury of November 12, 1960; hence the trial court erred in submitting Special Issue 14, inquiring whether the 1950 injury did contribute to plaintiff's incapacity. The testimony shows that appellant sustained a broken left leg just above the ankle in October, 1950, while on a former job. Dr. Pennington treated him several months for this injury. His ankle was swollen for a considerable part of the time. He was discharged from treatment for this injury on May 15, 1951 to return to work, at which time the doctor was of the opinion that Sowell had 25 percent partial permanent loss of use of his left leg. The doctor stated that because of the fracture the leg might become slightly shorter and in such case would cause a tilting of the pelvis which would produce a pull on the muscles of one side of the back. X-rays taken in 1956 showed appellant had curvature of the spine. Dr. Pennington never noticed Sowell's left leg being shorter than the other but he did not recollect that he had ever measured the leg. The above is sufficient to sustain the jury's finding that the 1950 injury did contribute to appellant's present incapacity. The 7th point is overruled.

■ The 8th point asserts that the answer of the jury to Special Issue No. 15 to the effect that the injury sustained by appellant in April, 1956, contributed to the

incapacity resulting from appellant's November 12, 1960 injury was against the great weight and preponderance of the evidence and clearly wrong.

It was shown that appellant sustained a low back injury in April, 1956. This injury was sustained while he was swinging an ax on a different job. At the time he had a sudden acute pain in the back so severe he almost screamed and became nauseated. Upon examination following this injury Dr. Pennington found abdominal soreness, pain in the legs, difficulty in bending over, and also found a left lumbar swelling and acute spasm and tenderness on both sides of his lower back. Since appellant did not return to work until more than 8 months after his injury of April, 1956, Dr. Pennington was of the opinion the injury received was a severe one. X-rays taken at the time made by Dr. Pennington revealed a curvature of plaintiff's lumbar vertebrae and arthritis therein. He stated he was suspicious of a ruptured disc when treating appellant in April, 1956. From x-rays made by him in May, 1960, he found appellant had arthritis in the lower and middle part of his back. He stated that the 1956 injury possibly contributed to plaintiff's present incapacity, but he was of the opinion that the present condition of appellant was due primarily to the disc injury of November, 1960. Dr Freiberg, witness for appellee, was of the opinion that plaintiff's present complaint and disability could have been as well caused by the injury of 1956 as by the injury of November, 1960. The testimony of Harold Schabow, Manager of DeWitt's, was to the effect that Sowell did a lot of complaining about his back, both in the shoulder area and the small of his back, before the date of the claimed injury of November 12, 1960. Appellant first denied that he ever had any low back strain or injury before the injury of November 12, 1960, but after Dr. Pennington had testified to his examination and treatment of appellant for the injury of 1956, he changed his testimony. There was other contradiction in his testimony with reference to wages which he had received. Taking the record as a whole and realizing that the jury saw and heard the witnesses and were in much better position to pass upon their credibility than is an appellate court, we cannot say that the answer of the jury to Issue No. 15 was against the great weight and preponderance of the evidence. The last point is therefore without merit.

Believing the trial court's judgment was properly rendered, it is affirmed.

## ON MOTION FOR REHEARING

█ Appellant requests that this court pass more directly on his first point. In his argument he has suggested a new and unique theory in connection with the submission of the special issues in reference to a prior condition. Appellant admits the court's charge adequately covers a situation in which a claimant's prior condition is aggravated or incited by an injury. But he contends a claimant is entitled to recover for the combination of a prior condition and an injury, even though there is no aggravation or incitement by the injury of the prior condition. We do not believe this is the law in this state. The term "injury" or "personal injury" is defined in Art. 8306, sec. 20, Vernon's Ann. Tex.St. The decisions in this state have interpreted this definition to include an aggravation, acceleration or incitement of a prior disease or condition. No decision that we have found includes the mere combination of a prior disease or condition with the injury. The law should not be extended to cover such a situation. There are many decisions in this state firmly establishing the "aggravation doctrine". Some of these cases demonstrate how far a claimant must go in proving aggravation such as, existence of the condition prior to the injury, perceptible damage done to the prior condition by the jury, and the subsequent course of aggravation. See, Whitten v. Liberty Mutual Ins. Co., 5 Cir., 257 F.2d 699.

The motion for rehearing is overruled.